## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

      Plaintiff,

v.                                                                                        Civ. No. 09-134 JP/CG

ASSOCIATED ELECTRIC & GAS INSURANCE
SERVICES LIMITED (AEGIS), a foreign insurer, and
JOHN DOES 1 – 5,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On February 18, 2009, Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS") filed Associated Electric & Gas Insurance Services Ltd.'s Motion to Strike All Allegations As to Confidential Communications and Negotiations from the Plaintiff's Complaint, Memorandum Incorporated (Doc. No. 5). AEGIS seeks to strike three paragraphs from Plaintiff Val Jolley's complaint on the grounds that the factual allegations within violate a New Mexico statute preserving confidentiality of mediation communications, are inadmissible under Federal Rule of Evidence 408, and breach a private agreement setting terms of negotiations. The first argument should be rejected because it would give retroactive effect to the New Mexico statute; the second should be rejected because it misinterprets Rule 408; and the third should be rejected because it amounts to a request for specific enforcement of a contract, relief not available in a motion to strike. AEGIS's motion should be denied.

### Background

This case stems from a tragic death. On July 21, 2002, John Everett Stapleton, twenty years old at the time, was killed when he backed a car into an unprotected

natural gas wellhead operated by Energen Resources Corporation on public lands near Farmington, New Mexico. Plaintiff Val Jolley, representative of Stapleton's estate, sued Energen in state court for wrongful death. At trial, the jury found Energen negligent in failing to protect the wellhead and set total compensatory damages at $2,957,000. The jury found Stapleton 35 percent at fault in backing into the wellhead, reducing the compensatory award to $1,922,050. The jury also found Energen's conduct to be reckless and awarded punitive damages of $13,000,000 to Stapleton's estate.

On appeal, the New Mexico Court of Appeals affirmed the punitive damages award, holding that the size of the award did not violate due process. *Jolley v. Energen Resources Corp.*, 198 P.3d 376, 387 (N.M. Ct. App. 2008). The Court of Appeals also affirmed the trial court's denials of motions for a mistrial and for a new trial. *Id.* at 384. On November 6, 2008, the New Mexico Supreme Court denied Energen's petition for a writ of certiorari. *Energen Resources Corp. v. Jolley*, 202 P.3d 124 (N.M. Nov. 6, 2008) (No. 31,375) (table order). Energen then appealed the New Mexico Court of Appeal's decision on punitive damages to the United States Supreme Court, asking the Court to hold that punitive damages are limited by due process to a one-to-one ratio where substantial compensatory damages have been awarded. Petition for a Writ of Certiorari at 13, *Energen Resources Corp. v. Jolley*, No. 08-1001 (U.S. Feb. 4, 2009), 2009 WL 314200. On March 23, 2009, the Court denied certiorari. *Energen Resources Corp. v. Jolley*, 77 U.S.L.W. 3527 (U.S. Mar. 23, 2009) (No. 08-1001), 2009 WL 301832.

On December 1, 2008, Plaintiff Jolley filed this action in state district court. (Doc. No. 1, Notice of Removal, Ex. A.) The complaint named AEGIS, Energen's insurer, and five John Does–employees of AEGIS–as Defendants. Plaintiff alleged that AEGIS and the five employees violated the unfair claims practices section of the New Mexico

Insurance Code by failing to make good-faith efforts to settle Plaintiff's wrongful death claim against Energen. The complaint makes the following relevant factual allegations. A voluntary mediation was held on November 29, 2005, attended by Plaintiff Jolley, his legal counsel, and members of Stapleton's family. (Compl. ¶ 15.) "Representatives of Energen and its legal counsel attended, but no representative of AEGIS or any of the [unnamed] Defendants attended." At this mediation, Plaintiff made an "initial settlement demand to Energen in the amount of $9 million." "Energen responded with an offer of $500,000, which reflected Energen's self-insured retention limits." Plaintiff lowered his offer to $6.9 million, but Energen made no counter-offer.

According to Plaintiff, there were no settlement offers made by AEGIS until October 2006. (*Id.* ¶ 17.) On October 13, 2006, the state district court ordered a settlement conference and also ordered "each party or party's representative having actual and realistic authority to compromise or settle the issues including, but not limited to, insurance company representatives, [to] be present in person during the entire [c]onference." (*Id.* ¶ 18.) The parties agreed to hold the settlement conference on October 24, 2006, in Albuquerque, New Mexico. (*Id.* ¶ 19.) However, no representative of AEGIS was personally present. Instead, the unnamed Defendants, "the only persons with actual and realistic authority to resolve Plaintiff's claim," participated by telephone. At first, the Defendants refused to increase the $500,000 offer. Plaintiff reduced his $6.9 million offer to $5.9 million; Defendants responded by increasing their offer to $600,000. Plaintiff then reduced his offer to $5.4 million, but there was no corresponding counter-offer from Defendants.

Finally, on October 26, 2006, Plaintiff made a written offer to Energen to settle all claims for $2 million. (*Id.* ¶ 20.) According to Plaintiff, "[n]either Energen, its

counsel[,] nor Defendants responded ... or made a counter-offer." (*Id.* ¶ 21.) Plaintiff then alleges that the conduct of AEGIS and the unnamed Defendants during these negotiations violated the New Mexico Unfair Claims Practices Act, (*id.* ¶ 37), and Plaintiff brings his third-party claim under the Act, (*id.* ¶ 38).

## Analysis

Defendant AEGIS moves to strike paragraphs 15, 19, and 20 in Plaintiff Jolley's complaint (Doc. No. 5). As AEGIS takes the position that striking the paragraphs will leave the complaint insufficient in its factual allegations, AEGIS presents its arguments for striking them in its related Motion to Dismiss (Doc. No. 4). The primary arguments made by AEGIS are three: 1) the allegations in paragraphs 15 and 19 violate a New Mexico statute preserving confidentiality of mediation communications, 2) the allegations in all three paragraphs are inadmissible under Federal Rule of Evidence 408, and 3) the allegations in paragraph 15 violate a private agreement made as a condition of the negotiations described in that paragraph.[1]

AEGIS first cites the New Mexico Mediation Procedures Act, N.M. Stat. §§ 44-7B-1 to -6. The Act provides, "Except as otherwise provided in the [] Act or by applicable judicial court rules, all mediation communications are confidential, and not subject to disclosure and shall not be used as evidence in any proceeding." *Id.* § 44-7B-4. A

---

[1] AEGIS also cites the Tenth Circuit's confidentiality rules for mediations it orders, a Fourth Circuit case discussing its similar rules, and two California cases and one Colorado case concerning the confidentiality statutes of those two states. None of those offer anything more than persuasive precedent for a mediation ordered by a New Mexico state district court, a situation which is controlled by the binding precedent the Court recounts.

"mediation" necessarily involves a mediator,[2] *id.* § 44-7B-2(A), and "mediation communications" include "a statement, whether oral or in a record or verbal or nonverbal, that occurs during a mediation." *Id.* § 44-7B-2(B). The Act excepts from its confidentiality mandate mediation communications which "are sought or offered to disprove a claim or complaint of professional misconduct or malpractice based on conduct during a mediation and filed against a mediation party or nonparty participant." *Id.* § 44-7B-5(A)(8).

Although that exception may or may not apply here, the Court need not decide that issue. Instead, there is a more important obstacle to applying the Act to this case: as AEGIS admits, the Act was enacted and became effective after the mediations took place. N.M. Laws 2007, Ch. 11, § 7 (making Act effective July 1, 2007). In AEGIS' view, though, the effective date establishes the date on which such evidence may no longer be used "in any proceeding," not the date after which mediations become subject to the Act. As a result, AEGIS argues that the Act "controls the evidence which may come before this Court." (Def.'s Mot. Dismiss 4.)

However, in federal court, the Federal Rules of Evidence generally control, even in a diversity case. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 876-83 (10th Cir. 2006). State law may still play a role: although "the Federal Rules of Evidence are not subject to *Erie*'s substance/procedure distinction," that distinction comes back into play under Federal Rule of Evidence 401. *Id.* at 882. Under Rule 401, "a fact may be 'of consequence' to the determination only if it is the kind of fact to which proof may

---

[2] Thus, AEGIS correctly views the Act as only applying to paragraphs 15 and 19 of the complaint, the paragraphs containing allegations about mediations, and not to paragraph 20, which contains allegations about a settlement offer outside of mediations.

properly be directed'." *Id.* at 881 (citing Fed. R. Evid. 401 adv. comm. notes). "Where a state law excludes certain evidence in order to effect substantive policy considerations, Rule 401 acts to exclude the evidence since the proposition for which the evidence is submitted is not properly provable and, therefore, irrelevant to the claim." *Id.* On the other hand, if the state law excludes the evidence for procedural reasons–in other words, to "achiev[e] fair, accurate, and efficient resolutions of disputes"–Rule 401 does not apply and the state law does not control. *Id.* at 883.

The New Mexico Mediation Procedures Act does not cleanly fit either the substantive or procedural label. Although it attempts to channel behavior outside the courtroom (but in this case inside another courtroom), it also attempts to achieve efficient resolutions of disputes. Even under an assumption that the Act is substantive, though, giving it retroactive effect would not serve the substantive policy–encouragement of frank discussion in mediations–that is the purpose of the Act. Instead, making the private terms of mediations subject to retroactive change at the whim of the New Mexico Legislature would tend to discourage those mediations from ever taking place. Therefore, the Act should not apply in this Court, at least not to statements made in a mediation that preceded the effective date of the Act.

The discussion turns to the Federal Rules of Evidence. As an initial matter, Federal Rule of Civil Procedure 12–unlike Federal Rule of Civil Procedure 56–has no express evidentiary requirement. For example, it would make no sense to move to strike factual allegations in a complaint on the basis that the allegations were inadmissible hearsay (or move to dismiss for the same reason), because discovery may reveal sources of admissible evidence for the allegations. However, if the allegation itself is not provable under the Federal Rules of Evidence, regardless of the results of discovery,

then it may make sense to consider the Rules of Evidence at this stage.

In its motion to strike, AEGIS states that the basis for striking paragraph 20 of the complaint lies in Federal Rule of Evidence 408(a).[3] However, in its motion to dismiss (which contains its argument for its motion to strike) AEGIS only makes passing–and inaccurate–mention of Rule 408(a). Rule 408(a) provides–in its entirety–as follows:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a). "Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997). As Plaintiff points out, the evidence in paragraphs 15, 19, and 20 is not "offered to prove liability for ... or amount of" the wrongful death claim litigated in state court; instead, Plaintiff offers it to prove liability for the bad faith claim before this Court. Rule 408 does not apply here.

Finally, AEGIS argues that the allegations in paragraph 15 concerning the first mediation should be stricken because Plaintiff was bound by the confidentiality conditions of the mediation. However, AEGIS cites no cases in support of its requested relief. Essentially, AEGIS asks for specific enforcement of a contract. At this stage of the

---

[3] In its reply brief for the motion to strike, AEGIS states that Rule 408 also provides a basis for striking paragraphs 15 and 19.

litigation, though, the Court cannot determine from the scant evidence–a letter from the mediator–whether a valid contract was formed and whether its terms were breached. The proper way for AEGIS to develop its argument would have been to file a counter-claim for breach of contract, after which the issue would be properly before the Court. In the absence of a claim of breach, the Court will not grant AEGIS the unusual relief it seeks. AEGIS' motion to strike should be denied.

**IT IS ORDERED THAT:**

Defendant Associated Electric & Gas Insurance Services Limited's Associated Electric & Gas Insurance Ltd.'s Motion to Strike All Allegations as to Confidential Mediation Communications and Negotiations from the Plaintiff's Complaint, Memorandum Incorporated (Doc. No. 5) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE